## Bradbury v. Larsen

*Smillie, Bean & Scirica,* for plaintiff.

*Wisler, Pearlstine, Talone & Gerber,* for defendant.

FORREST, J., April 22, 1950.—In this action in assumpsit plaintiff seeks to recover from defendant the sum of $4,749, this representing the value of 25 shares of Freece-Larsen, Inc., upon the allegation in the original complaint that defendant, being the president of that corporation, orally agreed to assign to

plaintiff, the vice president of that corporation, 25 shares of the corporation stock upon the issuance by the corporation to him, defendant, of 50 shares, for services rendered by both of the parties.

To this complaint defendant filed preliminary objections in lieu of a demurrer on the grounds that there was no consideration for the promise. At the argument before the court en banc, plaintiff agreed to amend his complaint, alleging that the consideration for defendant's promise was plaintiff's promise to abandon his claim against the corporation. The complaint was so amended and defendant again filed preliminary objections in lieu of a demurrer, on the same grounds and using the exact phraseology used in the original preliminary objections. At the argument before the court en banc, it was admitted that plaintiff had not abandoned his claim against the corporation although he had agreed so to do and, accordingly, plaintiff agreed to amend again correcting this omission, which was done. To this complaint defendant again filed preliminary objections: (a) By way of demurrer, alleging that the agreement was unenforcible, being in fraud of the corporation, and (b) by way of a motion for more specific pleading.

The question now arises as to whether defendant, not having raised these particular objections to the original complaint, can do so now. Pa. R. C. P. 1028(b) provides:

"All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading."

In this connection, Goodrich-Amram Procedural Rules Service—Assumpsit and Trespass, comments at page 113:

"The requirement that the defendant *must* raise every possible preliminary objection at one time, under

penalty of a waiver of certain types of objection not so raised, is essential to the scheme of these Rules."

Again at page 129:

"It is a general rule that the filing of an amended complaint amounts to a withdrawal of the original and the defendant may attack it in any way he sees fit, irrespective of his action with regard to the original. This rule must be qualified in order to conform to the spirit of the single-stage dilatory limitation. Rule 1028(b) requires that all preliminary objections must be combined and filed simultaneously. This excludes the possibility of filing them in serial form. If a defendant were permitted, after the plaintiff has amended the complaint, to file a preliminary objection to raise a point which could have been raised against the original complaint, and which the defendant waived by not then raising it, the defendant would be permitted indirectly to do that which is expressly interdicted by Rule 1028(b).

"As a result, and in order to follow the spirit and letter of Rule 1028(b), the defendant's attack, by preliminary objection, against the amended complaint must be limited to matters which did not appear in the original complaint and which the defendant could not have raised by preliminary objection thereto."

Not having objected to the original complaint or the first amended complaint on the basis of invalidity, defendant is precluded by the rules from doing so now, and having failed to base either his first or second preliminary objection on the ground that the particular complaint was not sufficiently "specific", now that it is more specific, this basis for the preliminary objection will not be countenanced. Accordingly, the preliminary objections should be overruled.

And now, April 22, 1950, defendant's preliminary objections filed are overruled and defendant is directed

to plead over by filing an answer on the merits within 20 days from the date hereof, otherwise judgment by default sec. reg.